Case 2:18-cv-00189-RWS Document 1-2 Filed 10/11/18 Page 1 of 13

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
6/7/2018 3:18 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
18SC-0366-A
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

CINDY COSPER, Individually as     :
Surviving Child of Ronnie Ammerson,    :
                                     :
      Plaintiff,                     :
                                       :
v.                                         :     Civil File No.: 18SC-0366-A
                                       :
FORD MOTOR COMPANY,         :
                                       :
      Defendant.                 :

---

### DEFENDANT FORD MOTOR COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR WRONGFUL DEATH

---

COMES NOW Ford Motor Company ("Ford"), named as a Defendant in the above-styled action, and files its Answer and Defenses, showing as follows:

#### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted from this Defendant.

#### SECOND DEFENSE

Venue as to this Defendant is or may be improper.

#### THIRD DEFENSE

This Court does not have general or specific personal jurisdiction over Defendant Ford Motor Company.

#### FOURTH DEFENSE

There is or may be an insufficiency of process as to this Defendant.

#### FIFTH DEFENSE

There is or may be an insufficiency of service of process as to this Defendant.

## SIXTH DEFENSE

Any product allegedly manufactured by this Defendant, which is in question, was not defective in any respect; therefore, Plaintiff may not recover from this Defendant.

## SEVENTH DEFENSE

At all times this Defendant was in the exercise of that degree of care required by law; therefore, Plaintiff may not recover of this Defendant.

## EIGHTH DEFENSE

To the extent shown by the evidence, Plaintiff's claims may be barred for failure to exercise ordinary care for their own safety.

## NINTH DEFENSE

Plaintiff could, by the exercise of ordinary care, have avoided the consequences of any alleged act or failure to act of this Defendant; therefore, Plaintiff are not entitled to recover from this Defendant.

## TENTH DEFENSE

Plaintiff assumed the risk of such injury or damage as they may have sustained; therefore, Plaintiff may not recover from this Defendant.

## TENTH DEFENSE

Plaintiff assumed the risk of such injury or damage as they may have sustained; therefore, Plaintiff may not recover from this Defendant.

## ELEVENTH DEFENSE

To the extent that discovery supports the same, this Defendant asserts the defenses of product abuse, product misuse, and/or production modification and alteration.

**TWELFTH DEFENSE**

Plaintiff's claimed injuries, if any, were not caused, enhanced or increased as a result of any act or failure to act on the part of this Defendant.

**THIRTEENTH DEFENSE**

Plaintiff's claims are or may be barred because Plaintiff's negligence was equal to or greater than that of this Defendant.

**FOURTEENTH DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of comparative negligence.

**FIFTEENTH DEFENSE**

This Defendant affirmatively pleads efficient intervening cause of third persons that caused or contributed to cause the incident and damages in question, thereby barring Plaintiff from recovery from this Defendant.

**SIXTEENTH DEFENSE**

Plaintiff's damages are not the proximate result of any alleged act or failure to act of this Defendant; therefore, Plaintiff is not entitled to recover from this Defendant.

**SEVENTEENTH DEFENSE**

Plaintiff's damages, if any, were caused by the acts or omissions of persons or entities other than this Defendant; therefore, Plaintiff may not recover damages from this Defendant in any sum.

**EIGHTEENTH DEFENSE**

Joint and several liability does not apply to Plaintiff's claims pursuant to O.C.G.A. §§ 51-12-31 and 51-12-33. This Defendant states that one or more nonparties may have caused or contributed to the alleged injuries and damages sustained by Plaintiff.

3

## NINETEENTH DEFENSE

Plaintiff's claims are or may be barred by the doctrine of preemption.

## TWENTIETH DEFENSE

Plaintiff's claims are or may be barred in whole or in part under the doctrines of waiver, estoppel, laches and unclean hands.

## TWENTY-FIRST DEFENSE

To the extent that discovery supports the same, this Defendant asserts the defense of spoliation of evidence by Plaintiff.

## TWENTY-SECOND DEFENSE

The subject 2000 Ford Explorer was not in the same condition that it had been in when it left the hands of the manufacturer.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitation.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims may be barred by the statute of repose.

## TWENTY-FIFTH DEFENSE

This Defendant denies each and every material allegation made against it by the Plaintiff in the Complaint and demands strict proof thereof.

## TWENTY-SIXTH DEFENSE

This Defendant affirmatively pleads any and all pro tanto settlements or other monies paid to Plaintiff as a result of the damages incurred in the incident made the basis of this suit.

Case 2:18-cv-00189-RWS Document 12 Filed 10/11/18 Page 6 of 44

## TWENTY-SEVENTH DEFENSE
## AND ANSWER

Responding to the specific allegations of the numbered paragraphs of Plaintiff's Complaint, this defendant further shows as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Ford states that it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of Plaintiff's Complaint; therefore, it stands denied.

2.

Ford admits that it is a Delaware corporation with its principal place of business in Michigan. Ford admits that it may be served with process through its registered agent at The Corporation Company, 112 North Main Street, Cumming, Georgia 30040. Ford denies the remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

Ford admits the allegation contained in Paragraph 3 of Plaintiff's Complaint.

4.

Ford denies the allegation contained in Paragraph 4 of Plaintiff's Complaint.

5.

Ford denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Ford denies the allegation contained in Paragraph 6 of Plaintiff's Complaint.

7.

Ford denies the allegation contained in Paragraph 7 of Plaintiff's Complaint.

8.

Ford denies the allegation contained in Paragraph 8 of Plaintiff's Complaint.

**OPERATIVE FACTS**

9.

Ford is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9 of Plaintiff's Complaint; therefore, it stands denied.

10.

Ford is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 of Plaintiff's Complaint; therefore, it stands denied.

11.

Ford is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11 of Plaintiff's Complaint; therefore, it stands denied.

12.

Ford is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 12 of Plaintiff's Complaint; therefore, it stands denied. To the extent Paragraph 12 of Plaintiff's Complaint is deemed to contain any substantive allegations or suggestions of wrongdoing as against Ford, this Defendant denies all such allegations.

13.

Ford is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 of Plaintiff's Complaint; therefore, it stands denied. To the extent

Case 2:18-cv-00189-RWS Document 82 Filed 10/11/18 Page 8 of 44

Paragraph 13 of Plaintiff's Complaint is deemed to contain any substantive allegations or suggestions of wrongdoing as against Ford, this Defendant denies all such allegations.

14.

Ford is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14 of Plaintiff's Complaint; therefore, it stands denied. To the extent Paragraph 14 of Plaintiff's Complaint is deemed to contain any substantive allegations or suggestions of wrongdoing as against Ford, this Defendant denies all such allegations.

15.

Ford is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15 of Plaintiff's Complaint; therefore, it stands denied.

16.

Ford is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16 of Plaintiff's Complaint; therefore, it stands denied.

17.

Ford is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17 of Plaintiff's Complaint; therefore, it stands denied.

18.

Ford is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18 of Plaintiff's Complaint; therefore, it stands denied.

19.

Ford is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19 of Plaintiff's Complaint; therefore, it stands denied.

Case 2:18-cv-00189-RWS Document 12 Filed 10/11/18 Page 8 of 13

20.

Ford denies the allegation contained in Paragraph 20 of Plaintiff's Complaint.

21.

Ford denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Ford denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Ford denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Ford denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Ford denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Ford denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Ford denies the allegation contained in Paragraph 27 of Plaintiff's Complaint.

28.

Ford denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

## COUNT I
## STRICT LIABILITY
## DEFECTIVE DESIGN, MANUFACTURE, AND WARNINGS

29.

Ford denies the allegation contained in Paragraph 29 of Plaintiff's Complaint.

30.

Ford denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Ford admits only that it designed, in part, and manufactured, in part, certain Ford Explorer vehicles and sold these vehicles to authorized dealers. Ford denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Ford admits only that it designed, in part, and manufactured, in part, certain Ford Explorer vehicles and sold these vehicles to authorized dealers. Ford denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Ford admits only that it designed, in part, and manufactured, in part, certain Ford Explorer vehicles and sold these vehicles to authorized dealers. Ford denies the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Ford denies the allegations contained in Paragraph 34 of Plaintiff's Complaint, including items numbered (1) through (3) therein.

35.

Ford denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Ford denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Ford denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Ford denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Ford denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Ford denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Ford denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Ford denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## COUNT II
## WILLFUL, RECKLESS AND WANTON MISCONDUCT

43.

This paragraph is denied as written. Consumer safety is a top priority for Ford. Ford designs, in part, develops, in part, tests, in part, and manufactures, in part; its vehicles, including the 2000 Ford Explorer platform at issue in this matter, not only to meet or exceed all applicable Federal Motor Vehicle Safety Standards, FMVSS, but also, among other things, to meet or exceed the company's resistance to rollover and safety design guidelines.

44.

Ford denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Ford denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Ford denies the allegations and suggestions of wrongdoing contained in Paragraph 46 of

Plaintiff's Complaint and denies that it is liable to Plaintiffs for damages of any kind or nature

## COUNT III
## BAD FAITH

47.

Ford denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Ford denies Plaintiff's WHEREFORE paragraph including subparagraphs (a) through (e)

except that unless this action is otherwise dismissed as a matter of law, Ford also requests a trial

by jury.

Any allegation of Plaintiff's Complaint not herein specifically admitted is hereby denied.


WHEREFORE, having fully answered Plaintiffs' Complaint, Ford prays as follows:

(a)     That judgment be entered in its favor;

(b)     That costs be cast against Plaintiff;

(c)     That it have a trial by jury of twelve persons; and

(d)     That it have such further relief as the Court deems just and proper.


This 7th day of June, 2018.

HUFF, POWELL & BAILEY, LLC

*/s/ Audrey K. Berland, Esq.*
Michael R. Boorman, Esq.
Georgia Bar No. 067798
Audrey K. Berland, Esq.
Georgia Bar No. 591485
999 Peachtree Street, N.E.

11

Case 2:18-cv-00189-RWS Document 12 Filed 10/11/18 Page 13 of 14

Suite 950
Atlanta, Georgia 30309
Telephone: (404) 892-4022
Facsimile:  (404) 892-4033

***Attorneys for Defendant
Ford Motor Company***

Case 2:18-cv-00189-RWS   Document 12   Filed 10/11/18   Page 14 of 44

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing upon counsel of

record via PeachCourt e-filing and U.S. Mail, postage pre-paid as follows:

> Jonathan A. Parrish, Esq.
> The Parrish Law Firm, LLC
> Resurgens Plaza, Suite 2250
> 945 East Paces Ferry Road, NE
> Atlanta, Georgia 30326
>
> Matthew E. Cook, Esq.
> Kate S. Cook, Esq.
> Cook Law Group, LLC
> P.O. Box 2415
> Gainesville, Georgia 30503

This 7th day of June, 2018.

> /s/ Audrey K. Berland, Esq.
> Michael R. Boorman, Esq.
> Audrey K. Berland, Esq.