**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

CINDY COSPER, Individually                  :
as Surviving Child  of                      :
RONNIE AMMERSON, and                        :
ALLAN MYERS as Temporary                    :
Administrator of the ESTATE OF              :
RONNIE AMMERSON                             :
                                            :   Civil File No.: **2:18-cv-00189-RWS**
        Plaintiffs,                         :
                                            :
*v.*                                        :
                                            :
FORD MOTOR COMPANY**,**                     :
                                            :
        Defendant.                          :

---

**PLAINTIFF'S RESPONSE TO FORD'S MOTION**
**TO STRIKE ALONG WITH SUPPORTING MEMORANDUM**

---

The Plaintiff, by and through counsel, submits the following Response to

Ford's Motion to Strike.


**A.      PLAINTIFF DISCLOSED THE SUBJECT DEPOSITIONS THAT**
**WERE THOUGHT TO BE RELEVANT AND RESPONSIVE**

1. Ford conveniently omits the fact that Plaintiff's Rule 26 disclosures timely identified ten of the fifteen depositions Ford now complains of in the motion to strike, including the fact that all of the referenced deposition testimony consisted of Ford employees arranged by Ford for deposition and attended by Ford counsel. (*See* ECF Doc No. 14-1 para 12 and Exhibit 01, *Plaintiffs' Supplemental Initial Disclosures*) The five Ford employee depositions not included in the initial disclosures were not reasonably thought responsive or relevant until Ford filed its motion for summary judgment and identified issues that made those additional five Ford employees' depositions reasonably relevant and responsive, but have now been timely disclosed, primarily because they were background only in that the depositions were Bronco II depositions rather than Ford Explorer depositions.

2. The depositions referenced as Exhibits 25, 29, 53, 54, and 56[1] were not reasonably anticipated prior to Ford filing their summary judgment motion because each was a deposition taken in cases involving the Bronco II, not the Ford Explorer, where Ford was a party to the litigation and was represented by counsel. Plaintiff's inclusion of these references were deemed significant because of the arguments

---

[1] The deposition transcripts at issue are all exhibits to Plaintiff's Response in Opposition to Ford's Motion for Summary Judge. ECF Doc. No. 141. *See also* Ex. 02, Declaration of Tab Turner.

made by Ford in its motion for summary judgment and to add background that was not previously felt to be necessary or in dispute. The testimony became important because the court opinion cited from *Buell-Wilson v. Ford Motor Co*. 160 Cal.App.4th 1107 (Cal. Ct. App. 2008), referenced the testimony as part of the background, and the Plaintiff felt it was necessary and important to add these to the disclosure so that the Court, and parties, had the actual testimony rather than simple reference to the testimony in the California court's opinion.

3.     Ford has not and cannot show prejudice by the late addition of these five depositions and, therefore, there is no legal basis for the motion to strike. After all, these are all depositions of Ford employees; all arranged by Ford; and all attended by Ford attorneys representing the interest of Ford, and contain information available to the world in published opinions. More importantly, Ford was already in possession of the testimony before the testimony was even referenced.

**B.     FORD WAS REPRESENTED AT EACH DEPOSITION AND ALREADY KNEW ABOUT THE EXISTENCE OF THE TESTIMONY BEFORE DISCLOSURE, ALREADY HAD POSSESSION OF THE TESTIMONY, AND KNEW THE CONTENTS**

4.     As reflected in each transcript, Ford was present and represented at each of the depositions that they now claim were not disclosed. In other words, Ford is claiming that the Plaintiff should have produced something Ford already had in its

possession, already knew about, and already was on notice of, which is without merit and contrary to the letter and spirit of the Federal Rules of Civil Procedure. Rule 26(b)(2)(c) defines when the Court must limit the frequency or extent of discovery. The rule states:

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, *or can be obtained from some other source that is more convenient, less burdensome, or less expensive*; (ii) *the party seeking discovery has had ample opportunity to obtain the information by discovery in the action*; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). (Emphasis added)

5.     There is no requirement under the Federal Rules that a party is required to produce information already in the adverse party's possession. If Ford had lost or misplaced any of the depositions, Ford could have simply asked Plaintiff to provide them with another copy and Plaintiff would have gladly accommodated such a request. That did not happen despite Ford's knowledge that Plaintiff intended to rely on these depositions since January 7, 2019, and has not even happened to date.

## C.     **FORD IS NOT PREJUDICED**

6. Even had such a duty existed to provide Ford a copy of transcripts of its own employee testimony already in its possession – which there was not -- failure to do so was harmless and did not prejudice Ford in any manner.

7. Federal Rule of Civil Procedure 37 provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*. (Emphasis added) "In determining whether the failure to disclose was justified or harmless, a court is to consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 Fed. Appx. 328, 340 (11th Cir.2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir.2008)).[2]

8. As explained above, all but five of the depositions at issue were listed on Plaintiff's disclosures and Ford themselves was a party and present at each deposition. After all, Ford itself arranged each deposition of its employees and attended the depositions. The five not listed were admittedly not directly Explorer-

---

[2] *Berryman-Dages v. City of Gainesville Fla.,* No. 1:10CV177-MP-GRJ, 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012)

related and the Plaintiff did not reasonably anticipate that Ford would dispute issues from those five depositions, each of which was reported in published opinions as background information only.

9.     Similarly, the five depositions that were initially absent from the disclosure were all depositions of Ford employees in which Ford attended, had counsel present, and Ford had the transcripts. The information supplemented is background information on the history of the design issues that were not reasonably felt disputed or foreseen as necessary until Ford filed its motion. Ford has not and cannot show prejudice concerning the non-production of these five Ford employees or the transcripts.

10.     Turning to prejudice, Eleventh Circuit courts have held that prejudice generally occurs when late disclosure has somehow deprived the opposing party (herein Ford) of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question. See, e.g., *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821 (11th Cir.2009) (striking expert testimony because late disclosure of the scientific basis for an expert's opinion deprived defendant of a meaningful opportunity to depose him on the subject); *Burney v. Rheem Mfg. Co., Inc.*, 196 F.R.D. 659 (M.D.Ala.) (as a result of plaintiff waiting until her deposition to disclose witnesses and allegations key to her sexual harassment suit, "defendant

was deprived of any meaningful opportunity to investigate plaintiff's allegations prior to the deposition."); *Thames v. City of Pensacola*, 18 Fla. L. Weekly Fed. D. 847 (N.D.Fla.2005) (striking an affidavit by an expert because the affidavit, submitted in response to the defendant's motion for summary judgment, evidenced a change of position by the expert which had not been previously disclosed); *Alvarado v. U.S.*, 2011 WL 1769097 (S.D.Fla.2011) (granting motion to strike regarding untimely disclosed trial witnesses because the defendant had not had a chance to depose them). In the present context, that means Ford taking depositions of its own employees, which makes absolutely no sense.

11.     With respect to the ten depositions that were disclosed, and about which Ford now complains, Ford chose to sit back and use the non-production of transcripts (of depositions that Ford attended, including Ford employees) as a pretext to claim prejudice and argue for exclusion. This is not allowed and certainly should not be encouraged. *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-cv-01094-JEC, 2013 U.S. Dist. LEXIS 39143, at *22-24 (N.D. Ga. Mar. 20, 2013) ("The problem for defendants, though, is that they had the ability to complain, and thereby cure this surprise, prior to the expiration of expert discovery, by advising plaintiff that his disclosures did not comply with the rule and by requesting more specific disclosures. Had plaintiff resisted, defendants could have sought the

intervention of the Court. Defendants did not do so, but instead laid in wait, hoping that plaintiff's non-compliance would doom his ability to offer any expert testimony.").

12.     Here, no prejudice exists to Ford given the fact that the testimony was of Ford employees and Ford attended and was represented at each deposition. Even Ford cannot argue with a straight face that it was deprived of deposing its own employees, especially given Ford already had the deposition testimony, transcripts and exhibits, and had faced this precise testimony in numerous trials in venues across the country.

13.     The cases cited in Ford's motion to strike bear no resemblance to the facts of this case and do not stand for the proposition that prejudice exists where a party like Ford is claiming depositions of its own employees constitute surprise. Ford cites no cases in which the objectionable material was previously disclosed and actually in the possession of the party complaining of non-production.

## <u>CONCLUSION</u>

Defendant's motion to strike should be denied.

For the forgoing reasons stated herein, Plaintiff requests that this Court deny Ford's Motion to Strike.

Respectfully submitted, this 19th day of May 2022

/s/C. Tab Turner
C. Tab Turner
Damon C. Singleton
Turner & Associates, P.A.
4705 Somers Avenue
Suite 100
North Little Rock, Arkansas
501-791-2277
tab@tturner.com


*/s/ Matthew E. Cook*
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III
Georgia Bar No. 721558
Nathan R. Nicholson
Georgia Bar No. 390553
P.O. Box 2415
Gainesville, GA  30503
678-928-3899 Telephone
888-612-0589 Facsimile
matt@cook-lawgroup.com
kate@cook-lawgroup.com
robert@cook-lawgroup.com
nathan@cook-lawgroup.com


/s/Jonathan A. Parrish
Jonathan A. Parrish
Georgia Bar No. 263008

The Parrish Law Firm, LLC
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA 30326
jparrish@parrishfirm.com
Tel: 404-891-0141
Fax: 404-891-0143