IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CINDY COSPER, Individually As Surviving Child of RONNIE AMMERSON, and ALLAN MYERS as Temporary Administrator of the ESTATE OF RONNIE AMMERSON, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Civil File No.: **2:18-cv-00189-RWS** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CERTIFY RULING FOR INTERLOCUTORY APPELLATE REVIEW

Pursuant to 28 U.S.C. § 1292(b), Defendant Ford Motor Company ("Ford") files this Memorandum of Law in support of its request that the Court certify for interlocutory appeal this Court's order [Doc. 158] denying Ford's Motion for Summary Judgment [Doc. 109-1].

### INTRODUCTION

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and [if] an immediate appeal from the order may materially advance the ultimate termination of the litigation."

1

Section 1292(b) is designed to facilitate interlocutory appeals when an immediate appeal may avoid protracted and expensive litigation and the question to be answered is dispositive of the litigation. *McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1256 (11th Cir. 2004).

This Court's Order denying Ford's Motion for Summary Judgment satisfies the *McFarlin* criteria. The answers by the Eleventh Circuit to the following controlling issues of law, which there appears to be substantial room for disagreement, would materially advance the termination of this litigation:

1. In *Ivy v. Ford Motor Co.,* 646 F.3d 769 (11th Cir. 2011), the Eleventh Circuit relying upon *Chrysler Corp. v. Batten*, 264 Ga. 723, 450 S.E.2d 308, 212 (1994), held that the phrase "willful, reckless, or wanton disregard for life or property" in O.C.G.A. § 51-1-11(c)(Georgia's Repose Statute) refers to willful conduct as demonstrating "an actual intent to do harm or inflict injury" and "wanton conduct" that "is so reckless or so charged with indifference to consequences…[as to be the] equivalent in spirit to actual intent." In light of that holding, is proof of recklessness a standalone exception to the statute of repose?[1]

---

[1] O.C.G.A. § 51-1-11(c) provides that "The limitation of paragraph (2) of subsection (b) of this Code section regarding bringing an action within ten years from the date of the first sale for use or consumption of personal property shall also apply to the commencement of an action claiming negligence of a manufacturer as the basis of liability, *except an action seeking to recover from a manufacturer for injuries or damages arising out of the negligence of such manufacturer in manufacturing products which cause a disease or birth defect, or arising out of conduct which manifests a willful, reckless, or wanton disregard for life or property*. Nothing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer." (emphasis added).

2

2. If "recklessness" is a standalone exception to the Georgia Statute of Repose, did this Court correctly rely upon the Georgia Court of Appeal's definition of "recklessness" in *Chrysler Grp., LLC v. Walden*, 339 Ga. App. 733, 792 S.E.2d 754, 760-61 (2016) when that definition was (a) different than the definition used by the Georgia Supreme Court in *McIver v. State,* 314 Ga. 109, 875 S.E.2d 810 (2022), and (b) at odds with the Georgia General Assembly's definition in O.C.G.A. § 16-5-60 which requires proof of a specific mental state of both a conscious disregard of a substantial and unjustifiable risk of harm to another *and* a gross deviation from a reasonable standard of care?

**ARGUMENT**

**I.     The Order Involves Controlling Questions of Law**

In *McFarlin,* the Eleventh Circuit explained that a "controlling question of law" as contemplated by § 1292(b) is

> a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine ... The term "question of law" does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact. Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of "pure" law, matters the court of appeals "can decide quickly and cleanly without having to study the record."

*Id.* at 1258 (*quoting Ahrenholz v. Bd. of Trustees of the Univ. of Illinois*, 219 F.3d 674, 676-77 (7th Cir. 2000) (internal citations omitted)).

Statutory construction is a question of law. This Court's holding that "recklessness" is a standalone exception to the statute of repose is a question of statutory construction. The conclusion that *Chrysler Grp., LLC v. Walden*, 339 Ga.

3

App. 733, 792 S.E.2d 754, 760-61 (2016) sets forth the correct definition of "recklessness" is also a controlling issue of law. There is more than one choice. The Georgia Supreme Court too has defined "reckless conduct," as has the Georgia Legislature.

## II. There Are Substantial Grounds for Differences in Opinion

A substantial ground for difference of opinion requires "substantial doubt as to how" a controlling legal issue "should be decided." *McFarlin,* 381 F.3d at 1256. Here, there are at least two issues which substantial differences exist in how those issues should be decided.

First, there is a substantial ground for differing opinions of whether the terms "willful, reckless, or wanton disregard for life or property" in O.C.G.A. § 51-1-11(c) should be read as one or separately. The Georgia Supreme Court in *Batten* construed the terms together, as did the Eleventh Circuit in *Ivy.* This Court however disagrees, citing to federal district courts that have since adopted the separate definition of "recklessness" set out in *Walden.* [Doc. 158 at 20-21]. Neither *Batten* nor *Ivy* ignores the term "reckless." Indeed, that term is *included* as descriptive of wanton conduct:

> As to plaintiffs' claims based on the 1978 sale of the LeBaron automobile with its allegedly defectively-designed seat belt retractor mechanism, the claims accrued after the enactment of OCGA § 51–1–11(c), compare *Browning v. Maytag Corp.*, 261 Ga. 20, 401 S.E.2d 725 (1991), and thus are barred unless sufficient evidence was adduced to create a fact question whether Chrysler's conduct manifested a "willful, reckless, or wanton

4

> disregard for life" so as to bring the claims within this exception to the statute of repose.
>
> "Wilful conduct is based on an actual intention to do harm or inflict injury; *wanton conduct is that which is so reckless or so charged with indifference to the consequences ... [as to be the] equivalent in spirit to actual intent.*" (Citations and punctuation omitted.)

*Batten,* 264 Ga. at 726 (emphasis added).

There is nothing odd or unusual in doing so. The term "reckless" has often been used as descriptive of other conduct. *See McIver,* 314 Ga. at 826-27. This raises the second ground for a substantial difference in opinion.

Did this Court correctly rely upon the Court of Appeals opinion in *Walden* to supply the definition of "recklessness" for deciding Ford's Motion for Summary Judgment? As *McIver* catalogs, the term "reckless" appears and is discussed in many Georgia opinions and is indeed the subject of a separate criminal statute. Nonetheless, the Court of Appeals in *Walden* arbitrarily utilized the definition of "reckless" in *Arrington v. Trammel Atlantic Coast Line Ry. Co*., 83 Ga. App. 107, 62 S.E.2d 451 (1950), another Court of Appeal's opinion:

> Chrysler argues that this evidence is insufficient to sustain plaintiffs' claim that Chrysler acted with a reckless or wanton disregard for human life in the design or sale of the Grand Cherokee. We have defined a reckless act as an act that is "intended by the actor, [although] the actor does not intend to cause the harm which results from it. It is enough that he realize or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or even expects that his

5

> conduct may prove harmless." *Arrington v. Trammell*, 83 Ga. App. 107, 112, 62 S.E.2d 451 (1950) (citation omitted).

*Walden*, 339 Ga. App. At 760-61.

But the *Arrington v. Trammell* discussion was differentiating reckless conduct from negligence, *and not in connection with Georgia's Repose statute*. More importantly, the *Arrington v. Trammell* definition of "recklessness" is at odds with the Legislatures definition of reckless disregard:

> (b) A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his or her act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

O.C.G.A. § 16-5-60, *Reckless conduct.*

It is also at odds with how the Georgia Supreme Court has defined "reckless conduct." After a thorough examination of past opinions discussing recklessness, the Georgia Supreme Court in *McIver* very recently held, relying upon the language in O.C.G.A. § 16-5-60, that:

> …to commit the offense of "reckless conduct," a person must "consciously disregard [ ] a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of [another] person," in "gross deviation" from the standard of care which a reasonable person would exercise in the situation. On the other hand, OCGA § 16-2-1 defines "criminal negligence" as "an act

6

> or failure to act which demonstrates a willful, wanton, or reckless disregard for the safety of others who might be injured thereby." The distinction between the two is found in the statutory requirements in OCGA § 16-5-60 (b) that the person "consciously disregard[ ] a substantial and unjustifiable risk" that is a "gross deviation" from a reasonable standard of care.

*McIver,* 314 Ga. at 126-27.

In other words, the proof of culpability for reckless conduct is higher than that for criminal negligence. Consciously disregarding a substantial and unjustifiable risk *and* proof of a gross deviation from a reasonable standard of care are the requirements of reckless conduct in Georgia and together constitute the necessary mens rea. *Id.* at 129. The definition of "recklessness" in *Walden* contains neither requirement.

Had this Court decided Ford's motion using *either* the Georgia Supreme Court's definition in *McIver* or the Georgia Legislature's definition in O.C.G.A. § 51-1-11(c), both would have been consistent with how both *Batten* and *Ivy* define the phrase "willful, reckless, or wanton disregard for life or property." And, most notably, the outcome would have been different. Plaintiffs' proof in response to Ford's Motion for Summary Judgment [Doc. 109-1] established neither a conscious disregard of an unjustifiable risk nor a gross deviation from a reasonable standard of care.

7

*Ivy's* holding, based upon *Batten*, correctly applies *McIver's* now recognized correct definition of reckless conduct, focusing on the fact that Ford's design "performed safely according to reputable mainstream sources, and that the "willful and wanton" standard "is not satisfied where there is a bona fide dispute as to the propriety of the defendant's actions." *Ivy,* 646 F.3d at 776-77. "Where the Explorer is performing well according to these multiple evaluations, a reasonable juror could not find the wanton and willful standard to be met." *Id.* This is simply another way of stating that Georgia law requires proof of a gross deviation, amongst others, and in *Ivy* that proof was missing. The same is true in this case.

This Court's analysis denying Ford's Motion for Summary Judgment essentially concludes that *Ivy* was incorrectly decided and *Ivy's* reliance upon *Batten* was erroneous. That is a substantial difference of opinion. To be sure, this Court did in fact buttress its conclusion that *Ivy* was not binding upon the fact that neither *Ivy* nor *Batten* separately addresses "recklessness" as an independent exception to Repose. Although the opportunity to do so was present (the statutory language has not changed) and, if this Court is correct, the construction would have led to a different outcome, nonetheless, that was not the holding in *Ivy.* Since the difference of opinion is in connection with the *Ivy* Court's analysis, the Eleventh Circuit should address that difference.

## III. An Immediate Appeal Will Materially Advance Termination of This Litigation

Without any doubt, a favorable resolution of the issues set forth above "would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. If Plaintiffs' claims in this case are barred by Georgia's Repose Statute, this case is over.[2] The Court's analysis of the counter-summary evidence reflects that the proof in this record, like Ivy's proof, does not establish conduct that is an exception to Repose. The Court concludes that "plaintiff can avoid the statute of repose by showing that Ford acted recklessly," and that the Court "will thus use Walden's definition of recklessness to evaluate Plaintiff's claims." [Doc. 158 at 21] Both conclusions are at odds with *Ivy's* holdings. Again, there is a substantial difference of opinion on whether *Ivy* was correctly decided. If the Eleventh Circuit's analysis in *Ivy* controls and is correct, there should be no trial. That is the purpose of Repose, to extinguish claims. That purpose is defeated when those claims are allowed to proceed.

### CONCLUSION

This Court has stated that in simple terms when deciding whether to allow an interlocutory appeal, the district court should consider the probability that its decision was in error and the time and expense that may be saved by allowing the

---

[2] The only claims not barred by Georgia's Repose Statute—failure to warn claims—were dismissed based upon Summary Judgment. [Doc. 158 at 16]

9

appeal. *Benjamin v. Experian Information Solutions, Inc.*, 2021 WL 8571657, No. 1:20-CV-2466-RWS (September 14, 2021) *citing Sussman v. Salem, Saxon and Nielsen, P.A.,* 826 F. Supp. 1416, 1418, (M.D. Fla. 1993). This Court has further stated that it must be mindful that "[t]he proper division of labor between the district courts and the court of appeals…" *McFarlin,* 381 F.3d at 1259. If indeed the Eleventh Circuit's opinion in *Ivy* was incorrectly decided and Plaintiffs here are entitled to a trial, the Eleventh Circuit is the proper place to litigate that question.

This 1st day of November, 2022.

        WATSON SPENCE LLP

        */s/ Michael R. Boorman*
        Michael R. Boorman
        Georgia Bar No. 067798
        Philip A. Henderson
        Georgia Bar No. 604769
        999 Peachtree Street, N.E.
        Suite 1130
        Atlanta, Georgia  30309
        Telephone: (229) 436-1545
        mboorman@watsonspence.com
        phenderson@watsonspence.com

        *- and –*

        D. Alan Thomas
        *Admitted Pro Hac Vice*
        Paul F. Malek
        *Admitted Pro Hac Vice*
        HUIE, FERNAMBUCQ & STEWARD, LLP
        3291 US Highway 280
        Suite 200
        Birmingham, Alabama  35243

Telephone: (205) 251-1193
athomas@huielaw.com
pmalek@huielaw.com

*Counsel for Ford Motor Company*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>C. Tab Turner
>Turner and Associates, P.A.
>4705 Somers Avenue, Suite 100
>North Little Rock, Arkansas 72116
>*tab@tturner.com*
>
>Matthew E. Cook
>Nathan Nicholson
>Cook Law Group, LLC
>P.O. Box 2415
>Gainesville, Georgia 30503
>*matt@cook-lawgroup.com*
>*nathan@cook-lawgroup.com*
>
>Jonathan A. Parrish
>The Parrish Law Firm, LLC
>Resurgens Plaza, Suite 2250
>945 East Paces Ferry Road, NE
>Atlanta, Georgia 30326
>*jparrish@parrishfirm.com*

This 1st day of November, 2022.

>*/s/ Michael R. Boorman*
>Michael R. Boorman
>Georgia Bar No. 067798