# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| CINDY COSPER, INDIVIDUALLY AS SURVIVING CHILD OF RONNIE AMMERSON AND ALLAN MYERS AS TEMPORARY ADMINISTRATOR OF THE ESTATE OF RONNIE AMMERSON, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Civil Action No. <br><br> 2:18-cv-189-RWS |

## ORDER

This case comes before the Court on Defendant Ford Motor Company's ("Ford") Motion to Certify Ruling for Interlocutory Appellate Review [See Dkt. 160]. Plaintiffs Cindy Cosper and Allan Myers ("Plaintiffs") responded [Dkt. 164] and Ford did not reply. For the reasons set out below, the Court will deny Ford's motion and instead certify its questions to the Supreme Court of Georgia.

# BACKGROUND

## I. The Accident

This case arises out of a rollover accident ("the Accident") that occurred on December 25, 2015 in Haralson County. [Dkt. 141-1, at ¶¶ 1-2]. During the Accident, the roof structure (passenger side) in the crash-involved Ford Explorer intruded into the occupant compartment. [Id. at ¶159]. Cindy Pollard was the driver of the Explorer. [Id. at ¶ 7]. Ronnie Ammerson was the front seat passenger. [Id. at ¶ 8]. Mr. Ammerson suffered severe cervical spinal (C6/C7) fractures with spinal cord trauma. [Id. at ¶ 141]. After months of rehabilitation, he was discharged to his home where he succumbed to his injuries by pneumonia. [Id.] An autopsy concluded that the cause of death was acute right lung pneumonia resulting from the cervical spine trauma/quadriplegia sustained in the Accident. [Id.]

## II. Litigation

Plaintiffs filed their original Complaint on May 6, 2018 and their First Amended Complaint on January 7, 2020. [Dkts. 1-1, 49]. In Count I, Plaintiffs asserted three strict liability claims – design defect, manufacturing defect, and failure to warn. [Dkt. 49, at ¶¶ 31-44]. In Count II, Plaintiffs asserted four negligence claims – negligent design, negligent manufacture, negligent sale, and negligent failure to recall. [Id. at ¶¶ 46-47]. Plaintiffs also sought attorneys' fees,

general damages, special damages, punitive damages, and recovery for wrongful death. [Id. at ¶ 49, 51-52].

Ford filed a Motion for Summary Judgment on March 15, 2022, arguing that all of Plaintiff's claims failed as a matter of law. [See Dkt. 109-1]. Most relevant here, Ford asserted that Georgia's statute of repose barred Plaintiffs' negligent design claims because Ford did not act willfully or wantonly as a matter of law. [See id. at 10]. In response, Plaintiffs argued that the statute of repose did not bar their negligent design claims because a jury could find that Ford acted *recklessly*, willfully, or wantonly. [See Dkt. 141, at 59-69 (emphasis added)]. Plaintiffs conceded all other substantive claims. [See id. at n.298]; [see also Dkt. 158, at 15-16]. Ford replied on May 6, 2022 and argued that: (1) recklessness is not an independent exception to the statute of repose; and (2) Plaintiffs failed to put forth enough evidence to support a jury finding that Ford acted willfully or wantonly. [See generally Dkt. 147].

In ruling on Ford's motion [Dkt. 109], the Court held that Georgia's statute of repose did not bar Plaintiffs' negligent design claims because a jury could find that Ford's actions were at least reckless.[1] [See Dkt. 158]. To reach this finding,

---

[1] The Court found that Plaintiffs' evidence could support a finding that Ford acted recklessly, willfully, or wantonly when designing the subject Explorer's roof. [See Dkt. 158, at 47-56]. With respect to Plaintiffs' other negligent design claims

3

the Court applied the Chrysler Grp., LLC v. Walden court's interpretation of GA. CODE ANN. § 51-1-11(c), the statute governing exceptions to the statute of repose. [See id. at 18-19 (discussing 792 S.E.2d 754, 760-761 (Ga. Ct. App. 2016))]. The Court applied Walden, a Georgia Court of Appeals case, because it found that the Supreme Court of Georgia had not addressed whether "recklessness" was an independent exception to Georgia's statute of repose. [Id. at 20-21]. The Court also upheld Plaintiffs' request for punitive damages based on the roof negligent design claim and Plaintiffs' request for attorneys' fees. [Id. at 58-59]. Finally, the Court dismissed all of Plaintiffs' other substantive claims. [Id. at 15-16].

Ford filed a Motion to Certify Ruling for Interlocutory Appellate Review [Dkt. 160] on November 1, 2022, seeking leave to appeal the following issues to the Eleventh Circuit: (1) is "recklessness" a standalone exception to Georgia's statute of repose; and (2) if it is, what is the correct definition of "recklessness". [Dkt. 160-1, at 2-3]. In response, Plaintiffs argue that Ford "has not demonstrated the exceptional circumstances necessary to warrant certification under 28 U.S.C. § 1292, nor good cause to further delay proceedings in this case." [Dkt. 164, at 1]. Ford did not reply. For the reasons set out below, the Court will deny Ford's motion but certify its questions to the Supreme Court of Georgia.

---

(stability and restraint), the Court found that Ford acted recklessly *at most*. [See id.]

## DISCUSSION

### I.   Legal Standard

To certify an order for interlocutory appeal, the Court must find "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b)'s "standard is conjunctive, meaning that if any [requirements] are not satisfied, the Court must deny interlocutory review." Havana Docks Corp. v. Carnival Corp., 2022 WL 1522007, at *2 (S.D. Fla. 2022) (citation omitted).

When deciding whether to allow an interlocutory appeal, the district court should also consider the likelihood that its decision was incorrect and consider the resources that could be saved by allowing the appeal. Sussman v. Salem, Saxon and Nielsen, P.A., 826 F. Supp. 1416, 1418, (M.D. Fla. 1993). The Court must be mindful that "[t]he proper division of labor between the district courts and the court of appeals and [that judicial efficiency is] threatened by too expansive use of [] § 1292(b)." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). For the following reasons, the Court finds that granting Ford's motion will not materially advance this litigation.

## II.   Analysis

The Court finds that Ford failed to satisfy 28 U.S.C. § 1292(b)'s requirements for interlocutory appeal. However, in the interests of judicial economy, the Court will certify Ford's questions to the Supreme Court of Georgia.

### A. Ford's Motion to Certify Ruling for Interlocutory Appellate Review [Dkt. 160-1]

Ford moves the Court to certify the following issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b):

> 1. In Ivy v. Ford Motor Co., 646 F.3d 769 (11th Cir. 2011), the Eleventh Circuit, relying upon Chrysler Corp. v. Batten, 264 Ga. 723, 450 S.E.2d 208, 212 (1994), held that the phrase "willful, reckless, or wanton disregard for life or property" in O.C.G.A. § 51-1-11(c)(Georgia's Repose Statute) refers to willful conduct demonstrating "an actual intent to do harm or inflict injury" and "wanton conduct" that "is so reckless or so charged with indifference to consequences...[as to be the] equivalent in spirit to actual intent." Considering that holding, is proof of recklessness a standalone exception to the statute of repose?

> 2. If "recklessness" is a standalone exception to the statute of repose, did this Court correctly rely upon the Georgia Court of Appeal's definition of "recklessness" in Chrysler Grp., LLC v. Walden, 339 Ga. App. 733, 792 S.E.2d 754, 760-61 (2016) when that definition was (a) different than the definition used by the Georgia Supreme Court in McIver v. State, 314 Ga. 109, 875 S.E.2d 810 (2022), and (b) at odds with the Georgia General Assembly's definition in O.C.G.A. § 16-5-60 which requires proof of a specific mental state of both a conscious disregard of a substantial and unjustifiable risk of harm to another *and* a gross deviation from a reasonable standard of care?

[Dkt. 160-1, at 2-3].

In response to Ford's motion, Plaintiffs argue that Ford failed to identify "'controlling question[s] of law as to which there is substantial ground for difference of opinion . . . .'" [Dkt. 164, at 1-3 (citing 28 U.S.C. § 1292(b))]. Plaintiffs further assert that granting Ford's motion will not "'materially advance the ultimate termination of the litigation.'" Id. For the reasons set out below, the Court finds that Ford failed to justify its request for interlocutory appeal to the Eleventh Circuit.

### 1. Substantial Grounds for Difference of Opinion

The Court first finds that there are substantial grounds for difference of opinion as to whether recklessness is an exception to the statute of repose. Ford argues that there "is a substantial ground for differing opinions" because Walden ostensibly contradicts the Supreme Court of Georgia and the Eleventh Circuit's interpretation of GA. CODE ANN. § 51-1-11(c). [See Dkt. 160-1, at 4]. Ford further claims that Walden's interpretation of "recklessness" is at odds with the Georgia Legislature's definition of recklessness. [Id. at 5-8 (discussing McIver v. State, 875 S.E.2d 810 (Ga. 2022) and GA. CODE ANN. § 16-5-60)]. In response, Plaintiffs argue that

> [The statute of repose] issue is not one of first impression because the issue was decided in Chrysler Grp. LLC v. Walden. Second, the district courts in this circuit are not split on the issue. Finally, because

7

the issue pertains to the interpretation of state law, there is no circuit split on the issue.

[Dkt. 164, at 6]. Plaintiff similarly argues that there are no notable differences in opinion on the proper definition of "recklessness" in a civil products liability action. [Id. at 9-10].

A "substantial ground for difference of opinion" may exist where "the issue is difficult and of first impression, a difference of opinion as to the issue exists within the controlling circuit, or the circuits are split on the issue." United States ex rel. Powell v. Am. InterContinental Univ., Inc., 756 F. Supp. 2d 1374, 1378-79 (N.D. Ga. 2010) (citation omitted). "Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion." Id. at 1379 (citing In re Scientific-Atlanta, Inc. Sec. Litig., 2003 WL 25740734, at *1 (N.D. Ga. 2003)). For the following reasons, the Court finds that there are substantial grounds for disagreement as to whether recklessness is an exception to the statute of repose.

### a. Exceptions to Georgia's Statute of Repose

Ford argues that Walden contradicts the Supreme Court of Georgia and the Eleventh Circuit's interpretation of GA. CODE ANN. § 51-1-11(c). [Dkt. 160-1, at 4]. Ford points to Batten and Ivy as evidence because, in both cases, the courts only evaluated whether the subject defendants acted willfully or wantonly. [See id. at 4-5 (discussing Ivy v. Ford Motor Company, 646 F.3d 769, 776-777 (11th Cir. 2011) and Chrysler Corp. v. Batten, 450 S.E.2d 208, 212 (Ga. 1994))]. The court in Walden, on the other hand, found that GA. CODE ANN. § 51-1-11(c) listed three possible exceptions to the statute of repose: willful, wanton, *or* reckless acts. See 792 S.E.2d at 760-761.

Plaintiffs assert that Batten, Ivy, and Walden's differences are not significant. [See Dkt. 164, at 7-8]. They first argue that Batten and Ivy do not show a substantial difference of opinion because neither addressed whether recklessness is an exception to the statute of repose. [Id.] Plaintiffs also argue that there is no district or circuit split on the issue and that several courts have adopted Walden's interpretation of GA. CODE ANN. § 51-1-11(c). [Id.] Finally, Plaintiffs claim that the Supreme Court of Georgia agrees with Walden because it did not dispute the court's interpretation of GA. CODE ANN. § 51-1-11(c) when the case was appealed. [Id.]

9

Plaintiffs' rebuttal to Ford is not persuasive. First, the Walden petition for certiorari did not request review of the lower court's interpretation of GA. CODE ANN. § 51-1-11(c). See Chrysler Grp., LLC v. Walden ("Walden II"), 812 S.E.2d 244, 248 (Ga. 2018). There is also no evidence that the Supreme Court of Georgia declined to address the issue because it agreed with the Court of Appeals' interpretation of GA. CODE ANN. § 51-1-11(c). See generally id. Finally, although several courts have followed Walden, the Court is unaware of any that addressed the differences between Walden, Batten, and Ivy. [See Dkt. 158, at 20-21 (collecting cites)]; [see also Dkt. 164, at 8].

The Court is more persuaded by Ford's arguments. Admittedly, Batten, Ivy, and Walden do not directly contradict. However, the decisions cannot be reconciled with one another and in favor of Plaintiff's interpretation. Walden relies solely on recklessness to except the plaintiff's claim from the statute of repose. Walden, 792 S.E. 2d at 761. Thus, the decision supports the interpretation advanced by Ford. In Batten, the Supreme Court of Georgia acknowledges that claims arising "out of conduct manifesting a 'willful, reckless, or wanton disregard for life or property'" are excepted from the statute of repose. Batten, 450 S.E.2d at 212. However, the Court only defines "willful" and "wanton" and only analyzes the claim based on those two grounds. Thus, the issue of recklessness is not addressed. Likewise in Ivy, the Eleventh Circuit cites the statutory exception in

10

O.C.G.A. 51-1-11(c) excepting claims arising out of conduct manifesting a "willful, reckless, or wanton disregard for life or property," but only analyzes the claim based on willful and wanton conduct. Ivy, 646 F.3d at 776-777. The Court goes a step further comparing the standard here to the standard for punitive damages which may be awarded only for wanton and willful conduct. Id. The Court does not mention recklessness beyond its inclusion in the statute. This Court is not comfortable glossing over this incongruence because in this case reckless conduct is the sole issue on the stability and handling design defect claim. While there is not a clear circuit or state court split on the issue, there is an absence of clear direction from the Supreme Court of Georgia. For these reasons, the Court finds that Ford has identified a novel question of state law in which there are substantial grounds for difference of opinion.

### b. The Correct Definition of "Recklessness"

The Court also finds that Ford's second question is appropriate for certification, but not for the reasons set out by Ford. Ford argues that, even if recklessness is an independent exception to the statute of repose, there are substantial grounds for disagreement about its correct definition. [See Dkt. 160-1, at 5-8]. To support this claim, Ford compares the Walden court's definition of "recklessness" with the one used by the Supreme Court of Georgia in a recent criminal case. [Id.] In response, Plaintiffs assert that "the interpretation of a

11

criminal statute pertaining to the requirements for a criminal conviction for reckless conduct [has] no applicability to the application of . . . O.C.G.A. § 51-1-11(c) in a civil product liability case." [Dkt. 164, at 9].

Ford failed to establish substantial grounds for disagreement about the definition of "recklessness" with respect to the statute of repose. Ford does not provide any case law or legislative history showing that the Georgia Legislature intended for courts to use the same definition of "recklessness" in civil products liability actions and criminal cases. [See Dkt. 160-1, at 5-8]. Nonetheless, the issue is arguably appropriate for certification because Walden's definition of "recklessness" was based on a case that did not involve exceptions to the statute of repose. See 792 S.E.2d. at 760-61 (citing Arrington v. Trammell, 62 S.E.2d 451, 455 (Ga. Ct. App. 1950)). Moreover, the issue is a logical follow up to Ford's first question. Namely, if the Eleventh Circuit finds that recklessness is an exception to the statute of repose, it should also clarify its definition. The Court thus finds that Ford's second question passes muster, albeit barely, for certification.

12

### 2. Controlling Questions of Law that Will Materially Advance the Resolution of the Litigation

Although Ford's § 1292(b) motion rests on controlling questions of law, appealing to the Eleventh Circuit will not materially advance the resolution of this litigation. Ford argues that its proposed issues involve controlling questions of law because they are based on statutory interpretation. [Dkt. 160-1, at 3-4]. Ford further claims that an interlocutory appeal will materially advance this case because, if the Eleventh Circuit rules in its favor, Plaintiffs' case automatically fails. [Id. at 9]. Plaintiffs respond that Ford's questions are not controlling and will unnecessarily prolong this litigation because they: (1) do not control the entire case; and (2) will create unnecessary delays through piecemeal litigation. [Dkt. 164, at 10-11].

To certify an order for interlocutory appeal, the Court must find "that such order involves a controlling question of law as to which . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A "'question of law' as used in § 1292(b) [means] a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . .'" McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004) (citations omitted). The "materially advance" requirement

"means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." Id. at 1259 (citation omitted).

The Court first finds that Ford's questions are "pure" questions of law because they require statutory interpretation and do not involve the facts of this case. See id. at 1258-1259 (citations omitted). The issues are also controlling because they determine the viability of most claims in this litigation. See Mamani v. Berzain, 825 F.3d 1304, 1312 (11th Cir. 2016) (citation omitted).

Granting Ford's motion will not materially advance this litigation, however, because of the likelihood that the Eleventh Circuit would need to certify Ford's questions to the Supreme Court of Georgia. Certification is likely because Ford's questions require interpretation of state statutes and could have a significant impact on products liability actions in Georgia. See, e.g., One Georgia, Inc. v. Carr, 599 F. Supp. 3d 1320, 1332 (N.D. Ga. 2022) ("'Only a state supreme court can provide what we can be assured are 'correct' answers to state law questions, because a state's highest court is the one true and final arbiter of state law.'") (citations omitted); Polston v. Boomershine Pontiac-GMC Truck, Inc., 952 F.2d 1304, 1306 (11th Cir. 1992) ("Because this issue implicates substantial public policy concerns, we defer our decision in this case . . . to the Supreme Court of Georgia."). If Ford's questions will ultimately be decided by the Supreme Court of Georgia, appealing to the Eleventh Circuit will only cause unnecessary delays. For these reasons, the

14

Court finds that granting Ford's motion will not materially advance the resolution of this case.

**B. Certification to the Supreme Court of Georgia *Sua Sponte***

There is an alternative to interlocutory appeal that is more efficient and will partly appease both parties: certifying Ford's questions directly to the Supreme Court of Georgia. This is the best course of action because it will provide answers to Ford's questions before trial *and* will avoid delays caused by routing Ford's questions through the Eleventh Circuit.

Federal courts have discretion and authority to certify questions to the Supreme Court of Georgia *sua sponte*. See Fair Fight Action, Inc. v. Raffensperger, 2019 WL 13221296, at *6, n.19 (N.D. Ga. 2019); Lehman Bros. v. Schein, 94 S. Ct. 1741, 1744 (1974). Federal courts may certify state law questions that "are determinative of the case and [when] there are no clear controlling precedents in the decisions of the [Georgia] Supreme Court." GA. CODE ANN. § 15-2-9(a). The Eleventh Circuit has stated that certification is proper "[w]hen substantial doubt exists about the answer to a material state law question upon which the case turns." Looney v. Moore, 861 F.3d 1303, 1314 (11th Cir. 2017) (citation and quotation omitted). The Eleventh Circuit further advised courts to consider

15

> the closeness of the question and the existence of sufficient sources of state law to allow a principled rather than conjectural conclusion. But also to be considered is the degree to which considerations of comity are relevant. And we must also take into account practical limitations of the certification process.

See Royal Cap. Dev., LLC v. Md. Cas. Co., 659 F.3d 1050, 1055 (11th Cir. 2011) (quotation marks and alterations omitted).

For the reasons set out above, the Court finds that there is "substantial doubt" as to whether recklessness is a standalone exception to the statute of repose. The Court is also unaware of any clearly controlling Supreme Court of Georgia cases or authoritative "sources of state law to allow a principled rather than conjectural conclusion." Id. at 1055 (citation omitted). Batten, the only state court case cited by Ford, is not clearly controlling because it does not address whether recklessness is an exception to the statute of repose. [See Dkt. 160-1, at 4-5 (discussing Batten, 450 S.E.2d at 212)]. Although the Court has less doubt about the appropriate definition of "recklessness", the issue is still appropriate for certification as a follow-up to Ford's first question. See Jones v. Dillard's, Inc., 331 F.3d 1259, 1268 (11th Cir. 2003) ("[Certification] avoids the unnecessary practice of guessing the outcome under state law and offers the state court an opportunity to explicate state law.") (citation omitted).

The Court also finds that the benefits of certification will outweigh any practical limitations of the process. Choosing to proceed without resolution of

these issues will likely unduly delay the ultimate conclusion of this case. If the Court proceeds without review, the verdict is likely to proceed through a review process requiring consideration by the Eleventh Circuit and through certification therefrom to the Supreme Court of Georgia. See, e.g., Polston, 952 F.2d at 1306. Certification remedies this problem because it will cut out "the middleman" and prevent lengthy post-trial appeals.

> When substantial doubt exists about the answer to a material state law question upon which the case turns, a federal court should certify that question to the state supreme court in order to avoid making unnecessary guesses and to offer the state court the opportunity to explicate state law. "Only through certification can federal courts get definitive answers to unsettled state law questions. Only a state Supreme Court can provide what we can be assured are 'correct' answers to unsettled state law questions, because a state's highest court is the one true and final arbiter of state law."

Forgione v. Dennis Pirtle Agency, Inc., 93 F.3d 758, 761 (11th Cir. 1996).

Under the circumstances of this case, the Court finds that the substantial doubt regarding the questions at issue warrant certification of these questions to the Supreme Court of Georgia. Further, certifying the questions directly to the Supreme Court of Georgia avoids the possibility that the same appellate court would have to review the case twice.

## CONCLUSION

For the foregoing reasons, Ford's Motion to Certify Ruling for Interlocutory Appellate Review [Dkt. 160-1] is **DENIED**. The Court will instead certify the following questions to the Supreme Court of Georgia:

(1) Is recklessness a standalone exception to the statute of repose, O.C.G.A. § 51-1-11(c)?

(2) If so, how is reckless conduct defined?

In certifying these questions, the Court does not intend its particular phrasing of the questions to limit the Supreme Court's consideration of the issues presented in this action. Therefore, the Court extends latitude to the Supreme Court to restate the issues presented here in a manner that correlates with the answers it provides. To assist in the consideration of the questions, the entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Georgia. Until the Supreme Court responds to our certified questions, all relevant proceedings in this case are **STAYED**.

**SO ORDERED** this 14th day of February, 2023.

_____
**RICHARD W. STORY**
United States District Judge